IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ronald Chappell,                    :

        Plaintiff,         :    Case No. 2:14-cv-1148

  v.                                :    JUDGE JAMES L. GRAHAM
                                   Magistrate Judge Kemp
Justice Paul E. Pfeifer,            :

        Defendant.         :

REPORT AND RECOMMENDATION

Plaintiff, Ronald Chappell, a state prisoner proceeding pro se, filed this action against Ohio Supreme Court Justice Paul E. Pfeifer and sought leave to proceed in forma pauperis. On August 11, 2014, the Court granted the motion for leave to proceed in forma pauperis. This matter is before the Court for an initial screening pursuant to 28 U.S.C. §1915(e) and 28 U.S.C. §1915A. For the following reasons, it will be recommended that the complaint be dismissed for failure to state a claim upon which relief can be granted.

I.

28 U.S.C. §1915(e)(2) provides that in proceedings in forma pauperis, "the court shall dismiss the case at any time if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...." 28 U.S.C. §1915A further provides that in any prisoner case, the Court shall dismiss the complaint or any portion of it if, upon an initial screening, it appears that the complaint fails to state a claim upon which relief can be granted or seeks monetary damages from a defendant who is immune from suit. The purpose of these statutory sections is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See Neitzke v. Williams, 490 U.S. 319 (1989). A complaint may be

dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. See id. at 325. Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992). A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Claims against defendants who are immune from suits for money damages, such as judges or prosecutors acting in their judicial or prosecutorial capacity, are also within the ambit of §1915A. Pro se complaints are to be construed liberally in favor of the pro se party. See Haines v. Kerner, 404 U.S. 519 (1972). It is with these standards in mind that the plaintiff's complaint and application for leave to proceed in forma pauperis will be considered.

## II.

The facts that Mr. Chappell alleged in his complaint may be summarized as follows. On June 8, 2014, Mr. Chappell filed a petition for writ of habeas corpus in the Ohio Supreme Court, which was given Case No. 14-1137. The Ohio Supreme Court has not yet ruled on his petition. Mr. Chappell asserts that the Ohio Supreme Court was required by statute to rule on the pending action by June 30, 2014. Plaintiff brings this action under 28 U.S.C. §1651, seeking a writ of procedendo/mandamus requiring the Ohio Supreme Court to proceed to judgment in his case.

## III.

Mr. Chappell cites to 28 U.S.C. §1651 as the authority for

bringing his case in this Court. Pursuant to 28 U.S.C. §1651, "federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions, including writs in the nature of mandamus." <u>Haggard v. State of Tenn.</u>, 421 F.2d 1384, 1385 (6th Cir. 1970). However, federal courts, "have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." <u>Sekya v. Corrigan</u>, 46 Fed.App'x 260, 261 (6th Cir. Aug. 27, 2002)(quoting <u>Haggard</u>, 421 F.2d at 1386); <u>see also</u> <u>Woods v. Weaver</u>, 13 Fed.App'x 304, 306 (6th Cir. June 15, 2001)(denying an inmate a writ of mandamus to compel the state court to rule on the merits of his motion because federal courts lack such authority).

Mr. Chappell's Complaint requests that this Court issue a writ ordering the Ohio Supreme Court to take action. However, as noted above, this Court does not have jurisdiction to issue such a writ. Accordingly, Mr. Chappell's complaint fails to state a claim on which relief can be granted.

IV.

For the foregoing reasons, the Court recommends that this case be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and §1915A(b)(1). It is recommended that any state law claims be dismissed without prejudice. It is further recommended that if this recommendation is adopted, a copy of the complaint, this Report and Recommendation, and the dismissal order be mailed to the defendant.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a <u>de novo</u> determination of those portions

of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

        /s/ Terence P. Kemp
        United States Magistrate Judge