IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ronald Chappell,

      Plaintiff,

     v.                             Case No. 2:14-cv-1148

Justice Paul E. Pfeifer,

      Defendant.


<u>ORDER</u>

Plaintiff Ronald Chappell, a state prisoner, filed this action pursuant to the All Writs Act, 28 U.S.C. §1651, seeking a writ of mandamus and/or procedendo against Justice Paul E. Pfeifer of the Ohio Supreme Court.  Plaintiff alleges that on June 8, 2014, he filed a petition for writ of habeas corpus in the Ohio Supreme Court which was assigned Case No. 14-1137.  Plaintiff alleges that the Ohio Supreme Court was required by statute to rule on his petition forthwith, and he is seeking a writ of mandamus and/or procedendo requiring the Ohio Supreme Court to proceed to judgment on his case.

On September 10, 2014, the magistrate judge issued a report and recommendation after conducting an initial screen of the complaint pursuant to 28 U.S.C. §1915(e) and 28 U.S.C. §1915A.  The magistrate judge concluded that this court does not have jurisdiction to issue a writ requiring the Ohio Supreme Court to take the requested action, and recommended dismissal of the complaint for failure to state a claim on which relief can be granted.  Doc. 4, pp. 2-3.  The magistrate judge further recommended that any state law claims be dismissed without prejudice.

This matter is before the court for consideration of plaintiff's objections (Doc. 6) to the magistrate judge's report and recommendation.  If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. §636(b)(1).

As the magistrate judge correctly explained, 28 U.S.C. §1915(e) requires sua sponte dismissal of an action upon the court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.  Grinter v. Knight, 532 F.3d 567, 572 (6th Cir. 2008).  Courts conducting initial screens under §1915(e) apply the motion to dismiss standard.  See, e.g., Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§1915A and 1915(e)(2)(B)(ii)).

Courts ruling on a motion to dismiss under Rule 12(b)(6) construe the complaint in a light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir. 2008).  To survive a motion to dismiss, the "complaint must contain either direct or

inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). While the complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise the claimed right to relief above the speculative level" and "state a claim that to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

The court agrees with the conclusion of the magistrate judge that this court lacks jurisdiction to issue a writ requiring the Ohio Supreme Court to proceed to judgment in plaintiff's habeas case. The magistrate judge correctly stated that federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. See Sekya v. Corrigan, 46 F.App'x 260, 261 (6th Cir. Aug. 27, 2002)(quoting Haggard v. State of Tenn., 421 F.2d 1384, 1385 (6th Cir. 1970)); Woods v. Weaver, 13 F.App'x 304, 306 (6th Cir. June 15, 2001).

In his objections, plaintiff observes that he has also requested the issuance of a writ of procedendo, and notes that the magistrate judge cited no authority in the report and recommendation which expressly addresses a federal court's authority to issue a writ of procedendo against a state court. However, it is also established that this court has no authority to issue a writ of procedendo directing a state court judge in the performance of his or her duties. See May v. Guckenberger, No. C-1-00-794 (slip opinion), 2001 WL 1842462 at *3 (S.D.Ohio April 26, 2001)(district court had no authority to direct actions of state

3

court judge in state criminal post-conviction proceedings by means of a writ of mandamus or procedendo); May v. Grant, No. C-1-00-827 (slip opinion), 2001 WL 1842484 at *3 (S.D.Ohio April 25, 2001)(district court has no jurisdiction to issue a writ of mandamus or procedendo regarding actions or omissions of state court judge in ruling on motions filed by petitioner following his conviction).

Having reviewed the report and recommendation and plaintiff's objections in accordance with 28 U.S.C. § 636(b)(1) and Rule 72(b), the court finds that plaintiff's objections are without merit. The court overrules plaintiff's objections (Doc. 6), and adopts the magistrate judge's report and recommendation (Doc. 4). This action is hereby dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim for which relief may be granted. The clerk shall enter judgement dismissing this case. Any state law claims which are asserted in the complaint are dismissed without prejudice. The clerk shall mail a copy of the complaint, the report and recommendation, this order and the judgment to the defendant.

Date: September 18, 2014        s/James L. Graham
                                James L. Graham
                                United States District Judge

4